UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY E. TYREE,

    Petitioner,

v.

SCOTT ECKSTEIN,

    Respondent.

Case No. 16-CV-1623-PP

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1) AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Timothy E. Tyree, who is represented, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. The case now is before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

**I.    BACKGROUND**

On January 3, 2013, the petitioner was convicted in Milwaukee County Circuit Court of first-degree reckless homicide. Dkt. No. 1 at 2. He received a sentence of twenty-seven years of initial confinement and thirteen years of extended supervision, for a total of forty years. Id. The petitioner pursued post-conviction relief through the Wisconsin state courts. Id. at 3. In an opinion dated May 12, 2015, the state appellate court affirmed the trial court's decision and judgment of conviction. Dkt. No. 1-2. The Wisconsin Supreme Court denied the petitioner's petition for review in an order dated September 9, 2015. Dkt. No. 1-3.

1

Subsequently, the petitioner filed this federal *habeas* petition. The petitioner alleges that his conviction, sentence and confinement are unlawful because they were obtained in violation of his Fifth, Sixth and Fourteenth Amendment rights. Dkt. No. 2 at 1. He asserts that his constitutional rights were violated when his trial counsel failed to file a pretrial motion to suppress an unfair line-up (which took place before the petitioner was charged), and failed to object to the line-up-related testimony during trial. Id. at 1-2.

## II. THE PETITIONER MAY PROCEED ON THE CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Essentially, a court must allow a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court.

At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims of a type that are generally cognizable on *habeas* review. In this case, the petitioner's Fifth, Sixth and Fourteenth Amendment claims are generally cognizable on *habeas* review. The court will allow the petitioner's *habeas* case to proceed.

### III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition. Dkt. No. 1.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his amended brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)**

pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Scott Eckstein, Warden of the Green Bay Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 1:16-cv-01623-NJ   Filed 12/19/16   Page 4 of 4   Document 5